**Opinion issued January 16, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00772-CV

———————————

**ILSA PEN BONHAM AND TEXAS HAMPTON INVESTMENTS,**
**Appellants**

**V.**

**TEXAS AMERICAN TITLE COMPANY, Appellee**

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-20060**

---

## MEMORANDUM OPINION

Appellants, Ilsa Pen Bonham and Texas Hampton Investments, attempt to appeal from the trial court's judgment signed May 6, 2013. Appellee, Texas American Title Company, has filed a motion to dismiss this appeal, contending

that appellants' notice of appeal was untimely. We grant the motion and dismiss the appeal.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to 90 days after the date the judgment is signed if, within 30 days after the judgment is signed, any party files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *Id.*; TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended if, within 15 days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the 15-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Here, the trial court signed the final judgment on May 6, 2013. Appellants timely filed a motion for new trial on May 15, 2013. *See* TEX. R. CIV. P. 329b(a). Therefore, appellants' notice of appeal was due by August 5, 2013. *See* TEX. R. APP. P. 4.1(a), 26.1.

Appellants untimely filed their notice of appeal on September 4, 2013. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

Accordingly, we grant appellee's motion and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Brown.